INDUSTRIAL COM. v. RAMSEY.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8734. Decided Mar. 19, 1928.

Syllabus by Editorial Staff.

883. PARENT AND CHILD—413. Divorce and Alimony—1283. Workmen's Compensation.

Notwithstanding decree of divorce, awarding care, maintenance, education and control of minor child to mother, father is still liable for support and maintenance of child, and child is dependent within meaning of Workmen's Compensation Act.

Error to Common Pleas.

Judgment affirmed.

E. C. Turner, Atty., Gen., Columbus, and John A. Elden, Cleveland, for Industrial Com.

A. W. Heinrich, Cleveland, for Ramsey.

FULL TEXT.

VICKERY, J.

This cause comes into this court on a petition in error to the Common Pleas Court of Cuyahoga County, the purpose being to reverse a judgment in favor of the minor child of one who had been entitled to compensation by the Industrial Commission of Ohio.

In the trial below a verdict for nine hundred and some odd dollars had been rendered in favor of the defendant child and it is to reverse the judgment upon that verdict that error is prosecuted here.

The only contention that seems to be seriously made in this court is that the child was not a dependent upon the decedent, because it seems that the child's mother had been granted a divorce from the decedent, the injured person, who was absent from the State, and service was obtained upon him by publication, and sending of summons with a copy of petition to his address in another state. The wife, the mother of the child, was given a divorce and awarded the care, maintenance, education and control of said minor child, which was seven or eight years of age.

The question then is, under such circumstances, does the child still remain subject to the support, control and maintenance of the father, notwithstanding a decree of divorce was granted the mother of the child?

We are cited to the case of Rowland v. State of Ohio, 32 O.C.A., 75, as being a case in point. We have examined that case, and in fact have rendered three or four decisions in our own court bearing upon this same question within the last six months, and from all our own opinions and from the one cited, we gather that the father is still liable for the support of the child. In the case cited, there was an express release of the father from any responsibility whatever. Whether that can be done or not, is very questionable, if the child becomes a charge upon the State, but in the instant case that is not the situation. We think that, notwithstanding the decree of divorce which is before us, the father was still liable for the support and maintenance of this child and we think, therefore, that the child was a dependent within the meaning of the statute, upon the father, and that being the only question, it being conceded apparently that the amount that was rendered would be right if the child were entitled to receive anything, we can see no error in this case and the judgment is affirmed.
Sullivan, PJ., and Levine, J., concur.